# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| AARON RANSOM, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:23-cv-00407 |
| ASPEN MEDICAL PRODUCTS, LLC, | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS PARTIAL
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Aspen Medical Products, LLC ("Aspen Medical" or "Defendant") files this Memorandum in Support of its Partial Motion to Dismiss Plaintiff Aaron Ransom's ("Ransom" or "Plaintiff") Amended Complaint. In support, Aspen Medical states as follows:

## I.  Introduction

In his Amended Complaint, Plaintiff alleges that Aspen Medical violated Title VII of the Civil Rights Act of 1964 ("Title VII") by failing to provide Plaintiff with a religious accommodate (Count I), discriminating against Plaintiff on the basis of his religion (Count II), and retaliating against him (Count III). Like his Title VII claims, Plaintiff also alleges that Aspen Medical violated the Virginia Human Rights Act ("VHRA") by failing to provide Plaintiff with a religious accommodate (Count IV), discriminating against Plaintiff on the basis of his religion (Count V), and retaliating against him (Count VI). While Plaintiff seeks to hold Aspen Medical liable for a

1

religious failure to accommodate under the VHRA, Plaintiff fails to recognize no such claim exists under Virginia law. Accordingly, the Court should dismiss Count IV of the Amended Compliant.

## II.     **Plaintiff's Factual Allegations**

1.      In December 2020, Aspen Medical hired Plaintiff as a Field Product Specialist. *See* Am. Compl. ¶34.

2.      As a Field Product Specialist, Plaintiff' sales territory included Virginia. *See* Am. Compl. ¶35.

3.      According to Plaintiff, he is a "devout Christian" who objects to the COVID-19 vaccination. *See* Am. Compl. ¶47.

4.      In the fall of 2021, Aspen Medical sent an email to employees to ascertain their COVID-19 vaccination status. *See* Am. Compl. ¶46. In responding to the email, Plaintiff indicated that he had not been vaccinated against COVID-19. *See* Am. Compl. ¶47.

5.      After receiving the email, Plaintiff's direct supervisor approached Plaintiff and informed him that Aspen Medical was considering mandating COVID-19 vaccinations. *See* Am. Compl. ¶48.

6.      Plaintiff submitted a religious accommodation request on November 11, 2021. *See* Am. Compl. ¶49.

7.      Approximately three weeks later, Medical sent an email announcing that it would require all Field Product Specialists to be full vaccinated by February 1, 2022. *See* Am. Compl. ¶51.

8.      Aspen Medical denied his Accommodation Request on January 14, 2022. *See* Am. Compl. ¶63.

9. The email also allegedly stated "should an exemption be granted, sales quotas must be met at 100% each month to remain an active Aspen MP sales professional." *See* Am. Compl. ¶54.

10. Approximately two months after submitting his Accommodation Request, Aspen Medical terminated Plaintiff's employment. *See id.*

### III. <u>Legal Argument</u>

#### A. **Standard of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a Defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel Wilson v. Fairfax Cnty. Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). The Plaintiff bears the burden of proving that jurisdiction exists in federal court. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant a Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *Morgan v. Rowe Materials*, LLC, No. 3:08cv576, 2009 U.S. Dist. LEXIS 39902, at *3 (E.D. Va. May 11, 2009) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

#### B. **VHRA Does Not Recognize a Religious Failure to Accommodate Claim**

While Plaintiff seeks to assert a religious failure to accommodate claim, no such claim exists under the VHRA. Although Title VII expressly allows aggrieved employees to bring such claims, the Virginia General Assembly stopped short of providing such a right when it amended the VHRA in 2022 to include a definition of "religion." *See 2022 Session: HB 1063*, VIRGINIA LEGIS. INFO. SYS., https://lis.virginia.gov/cgi-bin/legp604.exe?221+sum+HB1063.

As set forth in 42 U.S.C. § 2000e(j), Title VII's definition of "religion" includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." In contrast, the VHRA defines religion as "any outward expression of religious faith, including adherence to religious dressing and grooming practices and the carrying or display of religious items or symbols." Va. Code § 2.2-3901. While the Virginia General Assembly could have chosen to adopt the Title VII definition, it did not do so.

In interpreting Section 2.2-3901, the Eastern District of Virginia has confirmed that no such right exists under the VHRA. As the District Court explained in *Ellison v. Inova Health Care Servs.*:

> Unlike Title VII—which expressly allows plaintiffs to bring failure-to-accommodate claims against their employer—the VHRA does not contain any such language. *Compare* Va. Code § 2.2-3901(E) (VHRA's definition of religious discrimination); *with* 42 U.S.C. § 2000e(j) (Title VII's definition of religious discrimination); *see also* Dkt. No. 40 at 13 (Plaintiffs conceding that "the VHRA's definition of religion does not include the words 'reasonable accommodation'"). Instead, the statute prohibits employers only from taking adverse action against an employee based on their "outward expression of their religious faith." *See* Va. Code § 2.2-3901(E).
>
> Despite the law's silence on the issue, Plaintiffs contend that this prohibition necessarily requires employers to accommodate religious exercise. Dkt. No. 40 at 12. However, reading such a requirement into the statute would run counter to the traditional methods of statutory construction. *Cf. Bates v. United States*, 522 U.S. 23, 29, 118 S. Ct. 285, 139 L. Ed. 2d 215 (1997) (noting that courts should "resist reading words or elements into a statute that do not appear on its face"). Moreover, in addition to noting what the Virginia General Assembly did not say, the Court acknowledges what it did. Before amending the section pertaining to religious discrimination (in 2022), the state legislature added language that unambiguously gave pregnant employees (in 2020) and disabled employees (in 2021) the right to bring failure-to-accommodate

4

claims against their employers. *See* Va. Code § 2.2-3909 (pregnancy); Va. Code § 2.2-3905.1 (disability). And—as the Fourth Circuit has explained—"where [the legislature] includes particular language in one section of a statute but omits it in another provision of the same Act, it is generally presumed that [the legislature] acts intentionally and purposefully in the disparate inclusion or exclusion." *Soliman v. Gonzales*, 419 F.3d 276, 283 (4th Cir. 2005) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432, 107 S. Ct. 1207, 94 L. Ed. 2d 434 (1987)). With that guidance, the Court is not free to adopt Plaintiffs' construction of the law at issue. Not only is the burden to accommodate Plaintiffs' religious beliefs not apparent on the face of the statute, but Virginia's legislature has made the deliberate decision not to create such a requirement—despite having done so in other sections of the same statute.

Therefore, Plaintiffs' VHRA claims will be dismissed.

No. 1:23-cv-00132, 2023 U.S. Dist. LEXIS 164824, at *17-19 (E.D. Va. Sept. 14, 2023).

Accordingly, the Court should dismiss Plaintiff's failure to accommodate claim under the VHRA.

**IV. Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated: October 3, 2023　　　　　　　　Respectfully submitted,

**ASPEN MEDICAL PRODUCTS, LLC.**

By: _____/s/_____
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000*)*
Jackson Lewis, P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:　(757) 648-1445
Facsimile:　(757) 648-1418
kristina.vaquera@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendant*