UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AARON RANSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:23-cv-00407 |
| | ) |
| ASPEN MEDICAL PRODUCTS, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WHICH CAN RELIEF CAN BE GRANTED**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Aspen Medical Products, LLC ("Aspen Medical" or "Defendant") files this Memorandum in Support of its Partial Motion to Dismiss Plaintiff Aaron Ransom's ("Ransom" or "Plaintiff") Amended Complaint. In support, Aspen Medical states as follows:

**I.      Introduction**

In his Amended Complaint, Plaintiff alleges that Aspen Medical violated Title VII of the Civil Rights Act of 1964 ("Title VII") by failing to provide Plaintiff with a religious accommodate (Count I), discriminating against Plaintiff on the basis of his religion (Count II), and retaliating against him (Count III). Like his Title VII claims, Plaintiff also alleges that Aspen Medical violated the Virginia Human Rights Act ("VHRA") by failing to provide Plaintiff with a religious accommodate (Count IV), discriminating against Plaintiff on the basis of his religion (Count V), and retaliating against him (Count VI).

At the outset, Plaintiff fails to plead any facts to support the numerosity requirement under Title VII or the VHRA. With regards to Plaintiff's religious discrimination and failure to

1

accommodate claims, Plaintiff fails to plead sufficient any allegations to satisfy religiosity. Rather, Plaintiff pleads in a conclusory fashion that he opposed the COVID-19 vaccination because he is a "devout Christian." As a result, Plaintiff's Amended Complaint does not identify the tenants or beliefs of Christianity that serve as the basis for his religious opposition. For his religious discrimination and retaliation claims, Plaintiff asserts that he would have been treated differently because had an exemption been granted because he would have had to meet higher performance standards. However, by Plaintiff's own statements, he was not granted an exemption. As a result, Plaintiff was never subjected to the high-performance standards he alleges. Accordingly, Plaintiff has not established how he was treated differently. Plaintiff's reliance on a future injury is misguided.

With regards to his retaliation claim, Plaintiff does not plead sufficient facts to establish a causal connection between his alleged protected activity and the adverse employment action. At best, Plaintiff relies on temporal proximity, but Plaintiff's reliance is misguided as the only incidents that Plaintiff pleads with any specificity occurred two months after Plaintiff submitted his accommodation request.

**II.      Plaintiff's Factual Allegations**

1. In December 2020, Aspen Medical hired Plaintiff as a Field Product Specialist. *See* Am. Compl. ¶34.

2. As a Field Product Specialist, Plaintiff' sales territory included Virginia. *See* Am. Compl. ¶35.

3. According to Plaintiff, he is a "devout Christian" who objects to the COVID-19 vaccination. *See* Am. Compl. ¶47.

4. In the Amended Complaint, Plaintiff fails to identify what the basis of his religion objection is.

5. In the fall of 2021, Aspen Medical sent an email to employees to ascertain their COVID-19 vaccination status. *See* Am. Compl. ¶46. In responding to the email, Plaintiff indicated that he had not been vaccinated against COVID-19. *See* Am. Compl. ¶47.

6. After receiving the email, Plaintiff's direct supervisor approached Plaintiff and informed him that Aspen Medical was considering mandating COVID-19 vaccinations. *See* Am. Compl. ¶48.

7. Plaintiff submitted a religious accommodation request on November 11, 2021. *See* Am. Compl. ¶49.

8. Approximately three weeks later, Medical sent an email announcing that it would require all Field Product Specialists to be full vaccinated by February 1, 2022. *See* Am. Compl. ¶51.

9. The email also allegedly stated "should an exemption be granted, sales quotas must be met at 100% each month to remain an active Aspen MP sales professional." *See* Am. Compl. ¶54.

10. Aspen Medical denied Plaintiff's Accommodation Request on January 14, 2022. *See* Am. Compl. ¶63.

11. Approximately two months after submitting his Accommodation Request, Aspen Medical terminated Plaintiff's employment. *See id.*

### III. Legal Argument

#### A. Standard of Review

To survive a motion to dismiss under Federal Rule 12(b)(6), a Plaintiff must "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. at 668 (2009). Although a court evaluating a defendant's motion to dismiss must assume that all facts alleged in the complaint are true, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory assertions fail to meet the requirements of Rule 12(b)(6). *See Giarratano*, 521 F.3d at 304.

To pass muster under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (emphasis added) ("[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead sufficient facts, and must plead "more than labels and conclusions" and more than "a formulaic recitation of the elements" of a claim. *Twombly*, 550 U.S. at 555–56. As set forth below, Plaintiff falls short of satisfying this pleading standard and Plaintiff's claims should be dismissed.

Although a plaintiff does not have to prove a *prima facie* case at the complaint stage, the elements provide guidance for deciding whether a plaintiff alleged sufficient facts to state a claim for employment discrimination. *See Lowman v. Md. Aviation Admin.*, No. JKB-18-1146, 2019

U.S. Dist. LEXIS 3702, at *13 (D. Md. Jan. 8, 2019); *see also Brown v. Hous. Auth.*, No. MJG-16-3616, 2017 U.S. Dist. LEXIS 118471, at *13 n.5 (D. Md. July 26, 2017).

### B. Plaintiff Fails to Plead Sufficient Facts to Establish That Aspen Medical Is a Qualified Employer Under Either Title VII or VHRA

Title VII of the Civil Rights Act defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." While Title VII and the VHRA have similar legislative aims, they have different definitions of "employer" and statutory thresholds for the number of employees. Following the amendments to the Virginia Human Rights Act by the Virginia Values Act, an "employer" means "a person employing (i) 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person or (ii) one or more domestic workers. However, (a) for purposes of unlawful discharge under subdivision B 1 on the basis of race, color, religion, national origin, military status, sex, sexual orientation, gender identity, marital status, disability, pregnancy, or childbirth or related medical conditions including lactation, "employer" means any person employing more than five persons." Va. Code § 2.2-3905 (A).

In *Arbaugh v. Y & H Corp.*, Supreme Court of the United States held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue. 546 U.S. 500, 516 (2006). When a Plaintiff fails to plead that the defendant is a qualifying employer under Title VII, then the Court must dismiss the claim. As the District Court explained in *Coles v. Deltaville Boatyard, LLC*, "An employer must exceed a threshold employment of fifteen employees for each working day in twenty or more calendar weeks during the current or preceding calendar year in order to be subject to the relevant statutory strictures of

Title VII. 42 U.S.C. § 2000e(b)." No. 3:10cv491-DWD, 2011 U.S. Dist. LEXIS 14304, at *23 (E.D. Va. Feb. 14, 2011). In fact, this "requirement is an element of every employee's claim for relief pursuant to Title VII." *Id.* As the Court held, "Indeed, the pleading is devoid of any factual allegations concerning the fifteen-employee threshold, and it must therefore be dismissed." *Id.*

In this case, regarding Title VII, Plaintiff simply alleges, "Aspen is an "employer" within the meaning of 42 U.S.C. § 2000e(b)" Compl. ¶¶70, 78, 84. Regarding the VHRA, Plaintiff alleges, "Aspen is an "employer" within the meaning of Va. Code § 2.2-3905." Am. Compl. ¶¶90, 98. However, neither of these allegations satisfy the numerosity requirement under either Title VII or VHRA. Without establishing the requisite number of employees, Plaintiff fails to state a claim for which relief can be granted.

### C. Plaintiff Fails to Plead Sufficient Facts to Establish Religiosity

In the Amended Complaint, Plaintiff fails to plead any facts to support religiosity. To plead a plausible failure-to-accommodate claim, an aggrieved employment must assert sufficient facts to support that (1) they have a **bona fide religious belief** that conflicts with an employment requirement; (2) they informed their employer of this belief; and that they were disciplined for failure to comply with the conflicting employment requirement. *EEOC v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008) (citing *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1017 (4th Cir. 1996)) (emphasis added). "In a disparate treatment case, the elements of a prima facie case of discrimination under Title VII are: '(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.'" *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 506 (D. Md. 2019)

Unequivocally, "Title VII does not protect just any belief." *Ellison*, 2023 U.S. Dist. LEXIS 164824, at *8. Rather, "an employee's belief must be religious in nature." *Id.* (citing *McManus v.*

6

*Bass*, No. 2:05-cv-117, 2006 U.S. Dist. LEXIS 24272, 2006 WL 753017, at *4 (E.D. Va. Mar. 21, 2006); *Wisconsin v. Yoder*, 406 U.S. 205, 215-16, 92 S. Ct. 1526, 32 L. Ed. 2d 15 (1972)). A "purely secular concern" is insufficient. *McManus*, 2006 U.S. Dist. LEXIS 24272, at *12-13. As such, "[t]he Court must therefore determine whether the Plaintiffs' purported beliefs are both (1) 'sincerely held' and (2) 'religious' in nature." *Ellison* at *9 (*Welsh v. United States*, 398 U.S. 333, 339, 90 S. Ct. 1792, 26 L. Ed. 2d 308 (1970)).

In the Amended Complaint, Plaintiff simply alleges that "Ransom was, and continues to be, a devout Christian with a sincere religious objection to the COVID-19 vaccination." Am. Compl. ¶47. The Amended Complaint is completely devoid of any allegations of what beliefs or tenants of Christianity serve as the basis of his objection. This is insufficient to establish a failure to accommodate or religious discrimination claim.

In *Ellision*, the Court dismissed a myriad of religious beliefs that the Plaintiffs alleged served as their basis for the COVID-19 vaccination. *Ellison*, 2023 U.S. Dist. LEXIS 164824, at *9-17. Unlike the Plaintiffs in *Ellison*, Plaintiff fails to identify a single basis other than simply being a Christian. As a result, Plaintiff's religious failure to accommodate and religious discrimination claims must be dismissed.

### D. Plaintiff Fails to Plead an Actionable Religious Discrimination Claim

As Courts have consistently held, Title VII recognizes two theories of religious discrimination, which are "denominated as the 'disparate treatment' and 'failure to accommodate' theories.'" *Brennan.*, 361 F. Supp. 3d at 505 (quoting *Chalmers*, 101 F.3d at 1017). As such, the basis for a religious discrimination case cannot simply be that Plaintiff was denied a reasonable accommodation.

In this case, Plaintiff alleges that the basis of his religious discrimination claim is that Aspen Medical sough to hold "him to higher performance standards than similarly situated

7

employees and terminating his employment." Am. Compl. ¶80. However, Plaintiff does not allege that he was in fact held to higher performance standards. Rather, the Amended Complaint alleges, "The Vaccine Mandate Email also stated: '***should an exemption be granted***, sales quotas must be met at 100% each month to remain an active Aspen MP sales professional.'" Am. Compl. ¶54 (emphasis added). By Plaintiff's own statements, he was not granted an exemption. As such, it is unclear how Plaintiff was discriminated against on the basis of his religion. Accordingly, the Court should dismiss Plaintiff's religious discrimination claims.

      **E.    Plaintiff Fails to Plead a Sufficient Facts to Establish a Plausible Claim For Retaliation**

To establish a *prima facie* case of retaliation in contravention of Title VII and VHRA, a plaintiff must prove: (1) that they engaged in a protected activity, (2) that their employer took an adverse employment action against them, and (3) that there was a causal link between the two events. *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015). To satisfy the causal connection element, Plaintiff must allege that Aspen Medical took an adverse employment action against him *because* he engaged in a protected activity. *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. Va. 1998). Put differently, Plaintiff must show that he would not have suffered an adverse employment action "but for" the protected activity. *Foster v. Univ. of Md-E. Shore*, 787 F.3d 242, 252 (4th Cir. 2015).

In this case, Plaintiff fails to establish a plausible causal connection between his alleged engagement in protected activity and his subsequent termination. Generally, "the passage of time alone cannot provide proof of causation unless the 'temporal proximity between an employer's knowledge of protected activity and an adverse employment action' was 'very close.'" *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006). Although the Fourth Circuit has not adopted a bright temporal line, it routinely holds that a three-month lapse between the protected

activity and adverse action is "too long to establish a causal connection by temporal proximity alone." *See, e.g., Pascual*, 193 F. App'x at 233 ("[A]t least three to four months separated the termination of Pascual's employment and the claimed protected activities. We find that this time period is too long to establish a causal connection by temporal proximity alone"). While in other cases, "[e]ven a mere ten-week separation between the protected activity and termination 'is sufficiently long so as to weaken significantly the inference of causation between the two events,'" such that temporal proximity alone is insufficient to establish causation. *Perry v. Kappos*, 489 F. App'x 637, 643 (4th Cir. 2012).

In the Complaint, the only alleged protected activity that Plaintiff engaged in was requesting an accommodation. Specifically, Plaintiff alleges "on or about November 11, 2021, Ransom submitted a religious accommodation request (the "Accommodation Request") to Kathryn Gray, Aspen's Chief Administrative Officer." Compl. ¶49. More than two months later, Plaintiff alleges that "on January 14, 2022, Ransom received a letter from Kathryn Gray summarily denying his Accommodation Request and terminating his employment with Aspen (the "Termination Letter")." Plaintiff makes no other allegations in support of this claim. Without pleading sufficient facts to support a plausible causal connection, Plaintiff fails to state a claim for which relief can be granted.

## IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  October 3, 2023

Respectfully submitted,

**ASPEN MEDICAL PRODUCTS, LLC.**

By: _____/s/_____
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000*)*
Jackson Lewis, P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:     (757) 648-1445
Facsimile:     (757) 648-1418
kristina.vaquera@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendant*