UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AARON RANSOM, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2:23-cv-00407 |
| ) | |
| ASPEN MEDICAL PRODUCTS, LLC, ) | |
| ) | |
| **Defendant.** ) | |

**UNOPPOSED MOTION TO EXTEND**
**DISCOVERY DEADLINE AND ADJUST SCHEDULING ORDER**

Defendant Aspen Medical Products, LLC ("Defendant" or "Aspen") respectfully requests an extension of the deadlines for the Parties to complete discovery as well as a correlative adjustment of the remaining litigation deadlines and dates in this matter. In support of this consent motion, Defendant states as follows:

1. On October 19, 2023, the Court issued a Rule 26(f) Pretrial Order. *See* ECF No. 16.

2. Pursuant to the Rule 26(f) Pretrial Order, no party will be required to respond to a deposition notice or other form of discovery sooner than December 5, 2023. *See* ECF No. 16. In addition, the Order required that the Parties' proposed discovery plan provide for completion of all discovery on or before March 8, 2024.

3. On October 30, 2023, the Parties engaged in an attorney's conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

4. Following the Attorney's Conference, the Parties diligently engaged in discovery by exchanging their first set of discovery requests.

5. On November 9, 2023, the Parties appeared before the Court for a Scheduling Conference.

6. Following the Scheduling Conference, the Court issued a Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See* ECF No. 16.

7. As set forth in the Scheduling Order:

   a. All discovery, including depositions taken for presentation in evidence in lieu of the appearance of a witness at trial, shall be completed on or before March 11, 2024.

   b. Fact discovery shall close on January 30, 2024, by agreement of the parties.

   c. The party with the burden of proof upon the primary issue to which proposed expert evidence is directed shall identify its proposed expert witnesses on or before January 2, 2024.

   d. The party with the burden of proof upon the primary issue to which proposed expert evidence is directed shall disclose written reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) on or before January 30, 2024.

   e. Disclosures intended solely to respond to, contradict, or rebut evidence on the same subject matter disclosed by another party pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be made on or before February 13, 2024.

   f. Any sur-rebuttal disclosure by the proponent of an expert witness shall be made on or before February 27, 2024, and shall not include addition of any new proposed expert witness.

      g.      Any motion challenging expert testimony based upon Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny shall be filed not later than March 25, 2024.

      h.      Any dispositive motions, including summary judgment motions, must be filed on or before March 25, 2024.

      i.      A final pretrial conference will be held on May 10, 2024, at 11:00 a.m., at the courthouse in Norfolk.

      j.      A 5-day jury trial is scheduled to commence at 10:00 a.m. on May 20, 2024, at the courthouse in Norfolk.

8.      Within the deadline set forth by Local Civil Rule 26(c) of the Local Rules of the Eastern District of Virginia, the Parties served their respective objections to the discovery requests served upon them.

9.      On November 24, 2023, the Parties exchanged their Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Rule 26(f) Pretrial Order.

10.      On December 5, 2023, the Parties served their respective initial responses to the discovery requests served upon them.

11.      In furtherance of their respective discovery, the Parties have also each served multiple *subpoenas duces tecum*.

12.      The Parties have also noticed depositions for the second week of January 2024 as place holders, but these dates will likely be significantly impacted and will need to be moved due to the Defendant's primary contact's travel restrictions, set forth in more detail below.

13.      As detailed above, written discovery has been exchanged by both Parties and they have diligently engaged in discovery. However, the Parties are still in the process of identifying

additional responsive information, to include emails from Defendant as well as various other business documents which are substantial in number.

14. The Defendant has faced a significant hurdle in gathering all this information within the time constraints initially set forth in the scheduling order due to extenuating circumstances. Unfortunately, Defendant's primary client contacts have experienced and continue to experience significant health and family issues. One primary client contact is undergoing chemotherapy treatments and recently suffered sepsis, which required multiple hospitalizations and surgeries, and ongoing treatment. Her treating physician will not clear her to travel until at least February 2024. The other primary client contact functions as the sole Human Resources manager and has only returned half-time to work as she is a primary caregiver for her grandchildren who were recently born prematurely with significant health issues due to prematurity. Through no fault of their own, this has significantly impacted the client contacts ability to assist in the defense of this matter.

15. As a result, Defendant respectfully requests that the Court extend the deadlines for the Parties to complete discovery as well as adjust the remaining litigation deadlines and dates in the Scheduling Order.

16. Moreover, the Parties are discussing respective settlement postures and attempting to agree upon a date by which a settlement conference can be held consistent with the Court's Order.

17. An extension of time will permit the Parties to sufficient time to complete discovery, including an opportunity to complete written discovery, supplement as necessary and required, and issue any additional *subpoenas duces tecum.*

18. Consequently, Defendant respectfully requests the Court extend the discovery deadline until March 16, 2024, and move the respective litigation deadlines and dates by approximately 45 days each.

19. During this extension, the Parties will continue to engage in discovery and in good faith pursue resolution of the claims.

20. Undersigned Counsel has conferred with counsel for Plaintiff, who has indicated that Plaintiff does not oppose the requested extension.

21. If granted, neither Party will be prejudiced by this additional time to complete discovery.

WHEREFORE, Defendant respectfully requests that the Court extend the discovery deadline until March 16, 2024, and move the respective litigation deadlines and dates by approximately 45 days each. A proposed order is attached for the Court's convenience.

Dated:  December 15, 2023             Respectfully submitted,

**ASPEN MEDICAL PRODUCTS, LLC**

By: _____/s/_____
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:    (757) 648-1445
Facsimile:    (757) 648-1418
kristina.vaquera@jacksonlewis.com
milena.radovic@jacksonlewis.com
*Counsel for Defendant*